IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BIANCA REYES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:11-CV-1072-OLG |
| | § | |
| LONGHORN LINEN, INC. ET AL. | § | |
| | § | |
| Defendants. | § | |

<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED NOTICE
TO POTENTIAL PLAINTIFFS AND TO TOLL THE STATUTE OF LIMITATIONS</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME LONGHORN LINEN SERVICE, INC. ("Longhorn") and SUNSHINE

INDUSTRIES, INC. ("Sunshine Industries") (collectively "Defendants"), Defendants in the

above-styled and numbered cause, and file this their Response to Plaintiff's Motion for Expedited

Notice to Potential Plaintiffs and to Toll the Statute of Limitations.   In support hereof,

Defendants respectfully state as follows:

I.
INTRODUCTION

Plaintiff Bianca Reyes filed the instant action on December 15, 2011, seeking alleged

unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA").   Defendants filed their

Answers on February 13, 2012.   On March 22, 2012, Plaintiff filed her Motion for Expedited

Notice to Potential Plaintiffs and to Toll the Statute of Limitations (the "Motion for Expedited

Notice").[1]   Plaintiff requests that the Court grant expedited notice to Plaintiff's overly broad

---

[1] Plaintiff has improperly identified Defendants as "Longhorn Linen, Inc. a/k/a Longhorn Linen Service" and
"Sunshine Industries a/k/a Sunshine Laundry."   Defendants' Answers provided the correct names of the three
separate entities, Longhorn Linen Service, Inc. (Plaintiff's former employer), Sunshine Industries, Inc. and Sunshine
Laundry, Inc., but Plaintiff has failed to amend her Complaint.

proposed group of potential Plaintiffs (all of Defendants' current and former employees working between December 14, 2008 and the present), grant expedited discovery of the full names, last known addresses, telephone numbers and Social Security numbers of current and former employees of Defendants and, finally, that the Court toll the statute of limitations pending consideration of Plaintiff's Motion for Expedited Notice.   For the reasons discussed below, Plaintiff's requested relief should be denied.

## II.
## FACTUAL BACKGROUND

Defendant Longhorn provides linen rentals to the restaurant industry, providing table and kitchen linens to its clients.[2] Defendant Longhorn employs approximately thirty (30) individuals in different roles, who perform different duties, work different hours, are paid different rates and, in some cases, are paid on a different basis. (*See* Ex. A at ¶ 5).  Longhorn employs three separate classes of workers to launder and prepare linens for delivery to customers: soil sorters, washroom workers and production workers, who hand-fold and iron the linens after they are laundered.  *See id.*  Longhorn also employs individuals in a driver/salesman capacity to pick up and deliver the linens to clients, a mechanic, a sales and service manager, a supervisor and an administrative office employee.   *See id.*   Longhorn's sales and service manager and driver/salesmen are salaried and receive an additional commission, while other Longhorn employees are paid on an hourly basis, although they have substantially different duties and are paid at different rates.  *See id.*

Longhorn is a subsidiary of Sunshine Industries, Inc., which has no employees.  (*See* Ex. A at ¶ 8).  Sunshine Laundry, Inc. ("Sunshine Laundry") is also a subsidiary of Sunshine Industries, Inc.  *See id.*  While both Longhorn and Sunshine Laundry operate in the same facility,

---

[2] *See* Affidavit of Ken Harrison, attached hereto and incorporated by reference herein as Exhibit A.

the companies perform different services for different clients, and their workforces are separate. *See id.* at ¶¶ 5-7. Sunshine Laundry provides laundry services – not linen rental services – to its clients; its principal client is the federal government. *See id.* at ¶ 6. Sunshine Laundry also employs washroom workers, production workers, drivers, a mechanic, supervisors, assistant supervisors and an administrative employee. *See id.* Because it contracts with the federal government, however, it is subject to various statutes and other requirements that do not apply to Longhorn and its employees. *See id.* Sunshine Laundry employees, for example, are entitled to certain fringe benefits under the Service Contract Act, 41 U.S.C. § 351 *et seq.*, and workers on the contract are entitled to health and welfare benefits in a specified amount on the basis of all hours paid up to forty (40) per week. *See* Ex. A at ¶ 6. Accordingly, all Sunshine Laundry employees are paid on an hourly basis to ensure compliance with the contracts. *See id.*

Plaintiff was employed solely by Longhorn as a production employee; Plaintiff was never employed in another capacity by Longhorn, and she was never employed by either Sunshine Industries or Sunshine Laundry. (*See* Ex. A at ¶ 3). As a result, and because of the significant differences between Plaintiff and her proposed class of all employees of all three companies, it must be found that they are not similarly situated and that Plaintiff cannot serve as a representative of such individuals for purpose of a proposed collective action under the FLSA. Accordingly, sending notice of Plaintiff's proposed collective action to all employees of three different companies is wholly improper.

### III.
### COLLECTIVE ACTION LEGAL STANDARD

The FLSA provides that an individual may maintain an action on "behalf of himself... and other employees similarly situated." 29 U.S.C. § 216(b). However, the FLSA forbids an employee from becoming a plaintiff unless "he gives his consent in writing to become such a

3

party and such consent is filed in the court in which such action is brought." *Id.* This establishes an opt-in procedure for FLSA class actions. *See Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated... grant[s] the court the requisite procedural authority to manage the process of joining multiple parties ...." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). As such, a district court has the discretion only in "appropriate cases" to authorize notice to other potential plaintiffs. *Sperling*, 493 U.S. at 170. However, authorization is "by no means mandatory." *Hall v. Burk*, 2002 U.S. Dist. LEXIS 4163, at *5 (N.D. Tex. Mar. 11, 2002).

Before this Court can exercise its discretion to authorize notice of a collective action to potential opt-in plaintiffs, Plaintiff must demonstrate that she is "similarly situated" to the group of putative class members whom she seeks to notify. 29 U.S.C. § 216(b). Notice is appropriate only when a court concludes that there is a factual nexus that binds the named plaintiff and potential class members as victims of a particular alleged policy or practice. *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

This jurisdiction applies the two (2)-step approach of *Lusardi v. Lechner* with regard to giving notice to putative class members. *Rousseau v. Frederick's Bistro, Ltd.*, 2010 U.S. Dist. LEXIS 34271, at *8-9 (W.D. Tex. Apr. 7, 2010) (citing *Lusardi v. Lechner,* 855 F.2d 1062 (3d Cir. 1988)*,* as the two-step approach applied in the Western District); *Botello v. COI Telecom, L.L.C.*, 2010 U.S. Dist. LEXIS 138572, *19-20 (W.D. Tex. Dec. 30, 2010). During the first stage, the Court determines whether or not to send notice of the action to potential class members. *Rousseau,* 2010 U.S. Dist. LEXIS 34271 at *9; *Mooney*, 54 F.3d at 1213-14. At this stage, Plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals

4

3932253.5

are similarly situated to the plaintiff in relevant aspects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 U.S. Dist. LEXIS 85338, *12-13 (S.D. Tex. Nov. 19, 2007); *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983); *Yoakum v. PBK Architects, Inc.*, Civ. A. No. H-10-00278, 2010 U.S. Dist. LEXIS 109489 (S.D. Tex. Oct. 14, 2010) (denying conditional certification motion due to failure to satisfy three-part analysis).

To satisfy her burden, Plaintiff cannot rely on "unsupported assertions of widespread violations." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); *see also H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (stating that plaintiff cannot simply assert "conclusory allegations" of widespread policy or practice). Instead, Plaintiff must make a "preliminary factual showing" that a similarly situated group of potential plaintiffs exists. *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995) (holding that, as a matter of sound case management, a court should, before offering to assist a plaintiff in locating additional plaintiffs, make a preliminary inquiry as to whether a management class exists). "Accordingly, courts look to 'such factors as "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted"' to determine if the requisite standard has been met." *Stiles,* 2010 U.S. Dist. LEXIS 24250 at *6-7 (citing *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (quoting *H&R Block*, 186 F.R.D. at 400)).

This requirement ensures the orderly operation of the FLSA opt-in system and protects against the gross abuses of costly and needless litigation. "The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Id.* at 894; *Oliver v. Aegis Commc'ns Grp., Inc.*, No. 3:08-CV-828-K, 2008 U.S.

5

Dist. LEXIS 112399, at *8 (S.D. Tex. 2008 Oct. 30, 2008).  Furthermore, employers "should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense."  *D'Anna*, 903 F. Supp. at 894.  While the notice stage standard is lenient, it is not automatic, non-existent or minimal.  *Badgett v. Texas Taco Cabana, LP*, 2006 U.S. Dist. LEXIS 74530, at *2 (S.D. Tex. Oct. 12, 2006); *Reed v. Mobile Cnty. Sch. Sys.*, 246 F. Supp. 2d 1227, 1236 (S.D. Ala. 2003).

Contrary to Plaintiff's portrayal of class certification as virtually automatic because she has employed the words "similarly situated," courts in the Fifth Circuit do not hesitate to deny such motions when plaintiffs fail to meet their evidentiary burden at the first stage.  *See, e.g., Hickson v. United States Postal Serv.*, 2010 U.S. Dist. LEXIS 104112 (E.D. Tex. July 22, 2010) (denying class certification because plaintiffs' evidence fails to provide a colorable basis that all the putative members of the class action sustained injury from one unlawful policy); *Simmons v. T-Mobile USA, Inc.*, 2007 U.S. Dist. LEXIS 5002 (S.D. Tex. Jan. 24, 2007) (denying class certification because plaintiff failed to meet his burden to allege, with a factual basis, that he and the potential plaintiffs together were victims of a common policy or plan that violated the law); *Dudley v. Texas Waste Sys.*, 2005 U.S. Dist. LEXIS 9168 (W.D. Tex. May 16, 2005) (denying class certification because the allegations presented by plaintiff fail to sufficiently demonstrate the existence of a similarly situated class of employees); *Hall,* 2002 U.S. Dist. LEXIS 4163, at *7-8 (denying class certification because plaintiffs failed to present sufficient evidence, such as affidavits of potential plaintiffs or names of potential plaintiffs, that demonstrate similarly situated employees exist); *Botello*, 2010 U.S. Dist. LEXIS 138572 at *24-25.

3932253.5

## IV.
## <u>OBJECTIONS TO PLAINTIFF'S DECLARATION</u>

Plaintiff's sole evidence in support of her Motion for Expedited Notice is her own declaration. Defendants object to numerous statements contained in Plaintiff's declaration as being without proper foundation, hearsay, conclusory in nature, stating legal conclusions Plaintiff is not qualified to make and not the best evidence. While the *Lusardi* standard is lenient, as noted above, Plaintiff must still provide "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *H&R Block*, 186 F.R.D. at 400. Conclusory allegations made without personal knowledge "are not evidence of a 'widespread discriminatory plan.'" *Songer*, 569 F. Supp. 2d at 707.

Defendants object generally that Plaintiff's declaration contains numerous allegations of which Plaintiff has no personal knowledge. Defendants object to Plaintiff's statements that "they stopped paying overtime" and "[I] was not paid overtime," as violative of the best evidence rule, as Plaintiff's pay stubs are the best evidence of whether or not she was paid overtime. *See* Pl.'s Decl. at pg. 1; *see also* FED R. EVID. 1002. Defendants also object to Plaintiff's statement that "I asked one of my managers on one occasion, Micaela, why I was not being paid overtime and was told she was being paid overtime and laughed and said she did not understand why the regular employees were not getting overtime," as hearsay and not the best evidence of whether either Plaintiff or the other individual identified was paid overtime, which evidence would be such individual's pay stubs. *See* Pl.'s Decl. at pg. 1; *see also* FED. R. EVID. 802 and 1002. Defendant further objects to the statement, "It was my understanding that most if not all of the people that worked were nor [sic] being paid overtime," as Plaintiff has not shown that such a statement is based on her personal knowledge, is conclusory in nature, hearsay (to the extent allegedly based

on the statements of others) and not the best evidence. *See* Pl.'s Decl. at pg. 1; *see also* FED. R. EVID. 602, 802 and 1002.

Defendants object to Plaintiff's statement that "On another occasion, [Plaintiff] spoke with Veronica, a secretary, and asked why some employees were not getting paid overtime and getting paid differently and she said everyone was getting paid the same, which was not true." Pl.'s Decl. at pg. 2. Defendants object that Plaintiff's statement is hearsay and contains statements without proper foundation as to the basis of Plaintiff's personal knowledge, if any. *See* FED. R. EVID. 602 and 802. Defendants also object to Plaintiff's next statements, "I am aware that none of the ladies were getting paid overtime from 2008 forward, even though they were working overtime, in excess of 40 hours per week. I am aware that several of the ladies that were not being paid overtime want to make a claim but are afraid of losing their jobs." *See* Pl.'s Decl. at pg. 2. These statements are also not based on Plaintiff's personal knowledge and therefore without proper foundation, are conclusory in nature, are hearsay and not the best evidence of the factual allegations therein. *See* FED. R. EVID. 602, 802 and 1002. Finally, Defendants object to Plaintiff's statement that "Sunshine and Longhorn ... had the same managers, and employees would work for both companies. I would work for both companies." *See* Pl.'s Decl. at pg. 2. Plaintiff's statements are without proper foundation, conclusory in nature, stating legal conclusions Plaintiff is not qualified to make and not the best evidence. *See* FED. R. EVID. 602 and 1002.

Plaintiff's declaration does not provide competent evidence in support of her Motion for Expedited Notice. Plaintiff's inability to provide more than conclusory statements lacking any personal knowledge, must be considered in determining whether she has made the evidentiary showing required. *See Stiles v. FFE Trans. Servs., Inc.*, No. 3:09-CV-1535-B, 2010 U.S. Dist.

8

LEXIS 24250, *6-9 (N.D. Tex. Mar. 15, 2010).   Because Plaintiff fails to do so, this Court

should deny Plaintiff's Motion for Expedited Notice.

**V.**

**PLAINTIFF IS NOT SIMILARLY-SITUATED TO HER PROPOSED CLASS**

**A.      Plaintiffs' Proposed Class of All Employees is Overly Broad as a Matter of Law.**

Plaintiff's Motion for Expedited Notice should be denied primarily because Plaintiff's

proposed class is inherently flawed and constitutes a fishing expedition.   In an analogous case, a

federal court rejected the notion that all non-exempt employees are necessarily similarly situated

to each other.   *Reed*, 246 F. Supp. 2d at 1231 (S.D. Ala. 2003).

> "[P]laintiffs seek conditional certification of a class consisting of all non-exempt
> employees of the defendant that may be owed overtime compensation. No broader
> class is possible in the FLSA context, and the Court rejects any suggestion that, as
> a matter of law, every non-exempt employee is necessarily similarly situated to
> every other non-exempt employee of the same employer. Were this proposition
> true, no evidence would ever be required to satisfy the similarly situated
> requirement in the FLSA context, yet the courts have made plain that such
> evidence is required."

*Id.*; *see also Haynes*, 696 F.2d at 885 (affirming a district court's denial of conditional

certification of a proposed class of all present and past employees of the defendant-employer in

the State of Florida).   Interestingly, while citing this Court's recent unpublished Order in another

matter as generally supporting her request for conditional certification in this case, Plaintiff

ignores the fact that Plaintiffs' request for broad certification of "all salaried employees" in the

case made the basis of this Court's prior Order – a case in which Plaintiff's counsel here also

served as Plaintiffs' counsel – was <u>denied</u> by this Court as being impermissibly broad.   *See Davis*

*v. Flare Ignitors & Rentals, Inc.*, No. SA-11-CA-00450-OLG (W.D. Tex. Mar. 19, 2012) (order

on plaintiffs' motion for conditional certification, granting motion for notice only to those

employed in the same or substantially similar positions as named and proposed plaintiffs).

9

While certification of a class of workers in the same position as Plaintiff who worked for the same employer as Plaintiff may be appropriate for conditional certification, upon Plaintiff's satisfaction of the required showing, both this Court and other courts that have considered broad requests for a class of, essentially, "all improperly paid workers" have repeatedly found that such a class is not permitted by the FLSA.  Because Plaintiff's proposed class of all employees is not sustainable as a matter of law, this Court should deny Plaintiff's Motion for Expedited Notice for this reason.

**B.     Plaintiff Has Not Identified Any Potential Plaintiffs Who Will Join the Lawsuit.**

"[A]n FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action."  *Parker v. Rowland Exp., Inc.*, 492 F. Supp. 2d 1159, 1166 (D. Minn. 2007).  FLSA plaintiffs must proffer evidence indicating that others seek to join the lawsuit in order to obtain conditional certification.  *Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2006 U.S. Dist. LEXIS 22211 (S.D. Tex. Apr. 11, 2006); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) ("A showing that there are other employees of the... employer who desire to opt in also must be made before a case can proceed as a FLSA collective action.").  "A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Ali v. Sugarland Petroleum*, No. 4:09-CV-0179, 2009 U.S. Dist. LEXIS 118829, *15 (S.D. Tex. Dec. 22, 2009) (quotations and brackets omitted).

Plaintiff does not identify a single employee of either her employer (Longhorn), its sister company (Sunshine Laundry) or their parent company (Sunshine Industries) who is interested in the prosecution of this lawsuit.  Plaintiff has presented no evidence that there are any other production workers, much less Longhorn employees in other positions (as to whom she would

10

not be an appropriate representative), who may be interested in opting in.  Further, Plaintiff provides no evidence that any employees of Sunshine Industries or Sunshine Laundry wish to opt in.[3]  Plaintiff's inability to provide declarations from or even to identify any other interested class member is particularly glaring, as Plaintiff's mother and several sisters are current and former employees of Longhorn and Sunshine Laundry.  *See* Ex. A at ¶ 4.  Plaintiff's failure is no small oversight, and courts routinely deny class notice when plaintiffs fail to establish interest by other potential class members.  *See, e.g., Songer*, 569 F. Supp. 2d at 707; *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004).  Even under the lenient standard applied at the class certification stage, the vague assertions in Plaintiff's declaration are insufficient to establish that there are other potential plaintiffs who wish to join the lawsuit. *Stiles*, 2010 U.S. Dist. LEXIS 24250 at *7-9 (finding plaintiffs' declarations, based on "experience and conversations with other employees" and listing four additional potential plaintiffs, conclusory, not based on personal knowledge and insufficient to show that similarly situated plaintiffs exist).

Plaintiff states that she "has no access to the vast majority of employees who have worked or who are working for Defendants" and asks the Court to compel Defendants to provide current and former employees' contact information.  This request, especially when considered in light of the fact that Plaintiff, presumably, has access to the four family members who have been employed by Longhorn or Sunshine Laundry within the period to be encompassed by the notice, proves that Plaintiff has no evidence whatsoever that other employees wish to join this suit, and

---

[3] The lack of evidence is particularly troubling where, as here, a plaintiff seeks to certify a class of employees which includes employees of different entities or at different locations.  "Even when a common owner has only a few small locations, there must be at least some minimal showing that employees at other locations are interested in joining the suit." *McKnight v. D. Houston, Inc.*, No. H-09-3345, 2010 U.S. Dist. LEXIS 122357, *32 (S.D. Tex. Nov. 18, 2010); *Detho v. Bilal*, No. H-07-2160, 2008 U.S. Dist. LEXIS 29502 (S.D. Tex. Apr. 10, 2008) (refusing certification for employees at two-store chain when only evidence that employees at other location were interested was the plaintiff's affidavit stating that she "'believes' there are other employees 'who may be interested in joining a collective action to recover for unpaid overtime compensation.'" (quoting the affidavit)).

Plaintiff is attempting to engage in a fishing expedition.   As such, Plaintiff's Motion for Expedited Notice should be denied.

**C.      Plaintiff Is Not "Similarly Situated" to Her Proposed Class.**

Plaintiff claims that she has provided the Court with "substantial allegations detailing the Defendants' failure to pay overtime and their use of misrepresentations to employees and failure to pay overtime."[4]  Such an assertion is conclusory and is not supported by Plaintiff's Complaint or by the actual declaration attached by Plaintiff.  Plaintiff does not make any allegation as to how she is similarly situated to other production employees of Longhorn, let alone her proposed class of all employees of Longhorn, Sunshine Laundry and Sunshine Industries.

Plaintiff asserts that the allegations in her Complaint support approval of notice based on the pleadings in this case.  However, Plaintiff cites cases in which the plaintiff or plaintiffs have sought certification of far more limited classes than Plaintiff proposes.  In *Neagley v. Atascoasa County EMS*, for example, the plaintiff asserted claims on behalf of employees who, like himself, were nonexempt, hourly paid EMTs.  No. SA-04-CA-0893-XR, 2005 U.S. Dist. LEXIS 230, *2, 9-11 (W.D. Tex. Jan. 7, 2005).  Similarly, in *Shaffner* and *Rollison*, the named plaintiffs sought notice to other employees with the same job titles and descriptions.  *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, No. H-05-2064, 2006 U.S. Dist. LEXIS 30935, *1 (S.D. Tex. Apr. 17, 2006); *Rollison v. CC Servs., Inc.*, No. 05-CV-4193-DRH, 2006 U.S. Dist. LEXIS 36902, *2-3, *7-8 (S.D. Ill. June 6, 2006).  The existence of multiple plaintiffs with the same allegations supported plaintiffs' allegations of a "common plan," and the addition of plaintiffs after the inception of the case was evidence of the existence of a putative class of similarly situated employees.  *Rollison*, 2006 U.S. Dist. LEXIS 36902 at *7, *Shaffner*, 2006 U.S. Dist. LEXIS 30935 at *3.  Plaintiff, in contrast, seeks to include employees of Longhorn, as well as

---

[4] Plaintiff's Motion for Expedited Notice, pg. 6.

12

entities which were not her former employer, regardless of title, job description or method of pay, without support in her pleadings or in the form of additional evidence.

Plaintiff offers no evidence of why the employees of Sunshine Laundry should be included in her proposed class.  As shown above, Sunshine Laundry is a separate legal entity from Defendants and provides a different service to a different group of clients than does Longhorn.  While Longhorn's pay policies are required to comply with the FLSA, Sunshine Laundry must pay its employees specified rates and benefits under federal contracts and the Service Contract Act.  Plaintiff provides no evidence as to why Sunshine Laundry's employees should be included in the same class as Plaintiff or any other current or former Longhorn employee; these employees work in different positions, under a different supervisor, different numbers of hours and are employed by a different employer who is required to provide pay and benefits in compliance with government contracts.[5]

Plaintiff's allegations and evidence fail to establish that she is similarly-situated to other Longhorn employees.  Plaintiff was one of approximately twelve (12) production workers employed by Longhorn.  (*See* Ex. A at ¶ 5).  Plaintiff's allegations and declaration do not reference or even implicate many classes of employees of Longhorn, such as its drivers, mechanics, supervisors and administrative employees, and Plaintiff offers no evidence of why these employees should be included in her proposed class.  Accepting Plaintiff's proposed class would require assuming Longhorn's driver/salesmen, who are paid on a salary and commission basis, are similarly situated to Longhorn's sole administrative employee, who is paid a regular hourly rate and time-and-one-half that rate for any hours over forty (40) she works in a week.

---

[5] Aside from a statement in her declaration that Plaintiff and other employees "would work for both companies," as to which Defendants have objected, Plaintiff has provided no basis for including Sunshine Laundry, which has not been properly named as a defendant in the present suit.  Plaintiff does not allege in her Original Complaint that Defendants and/or Sunshine Laundry are joint employers, and Plaintiff's Motion for Expedited Notice is unclear on this point, stating that Plaintiff is a former employee "of one or more Defendants."

13

Plaintiff's former work in the production area is distinguishable even from that of other Longhorn workers involved in the laundering process. *See id.* In addition to distinctions in the job duties themselves, the work areas for the different job positions are separated, as the washroom area is raised and separate from the folding and pressing area used by production workers.

Plaintiff has produced no evidence of a particular policy or practice in violation of the rights of all employees of Longhorn, Sunshine Industries and Sunshine Laundry. Plaintiff's own declaration undermines her proposed class and any claim that a common policy existed, as she admits that employees were paid differently and contests the alleged assertion of "Veronica, a secretary" that "everyone was getting paid the same." (*See* Pl.'s Decl. at pg. 2). Further, Plaintiff provides no basis for her vague statements that she is "aware" of the hours worked and the pay received by other employees; such statements are outside Plaintiff's personal knowledge and are conclusory. To the extent Plaintiff's statements offer any support of her proposed class, such a class should be limited to other production workers of Longhorn; her "awareness" extend only to "the ladies," and the washroom and soil sort workers are all male. (*See* Ex. A at ¶¶ 5, 6).

Plaintiff has not met her burden to show, even as an initial matter, that she is similarly situated to her proposed class of "all current and former employees" of Defendants and Sunshine Laundry, and Plaintiff's Motion for Expedited Notice should be denied.

## VI.
## <u>PLAINTIFFS' REQUEST FOR TOLLING SHOULD BE DENIED</u>

Plaintiff's request to toll the statute of limitations as to her putative class members is moot in light of the fact that Plaintiff's proposed class is grossly overbroad and cannot be even conditionally certified. Nevertheless, to the extent the Court conditionally certifies Plaintiff's proposed class, Plaintiff is still not entitled to a tolling of the FLSA statute of limitations. The

14

baseline rule for FLSA collective actions is that the statute of limitations continues to run for each putative class member until that individual opts in and joins the lawsuit.  29 U.S.C. § 256. While limitations periods are customarily subject to equitable tolling, such a remedy is extended only sparingly.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S. Ct. 453, 457 112 L. Ed.2d 435 (1990) (internal quotations and citation omitted).  The Supreme Court has held that "the principles of equitable tolling... do not extend to what is at best a garden variety claim of excusable neglect."  *Id*. at 92-93.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed.2d 669 (2005).

Plaintiff has provided no basis on which to grant her request for extraordinary relief. Plaintiff surmises that the Court's decision regarding class notice "may impact the lives of dozens of current and former employees who likely have no idea they may have been illegally denied substantial wages by Defendants."  Plaintiff provides no support for this speculation, as she has not identified a single former or current employee, other than herself, who has expressed an interest in joining this suit.

Plaintiff's cited authority misleads the Court because all but one of these cases deal exclusively with class actions under Federal Rule of Civil Procedure 23 and/or Title VII of the Civil Rights Act of 1964.[6]  This is a "garden variety" FLSA collective action, and there are no rare and exceptional circumstances in this lawsuit that entitle Plaintiff to depart from the rule under 29 U.S.C. § 256.  In such circumstances, courts will not toll the statute of limitations

---

[6] Defendant has been unable to retrieve the *Maxie, et al. v. A-Rocket Moving* decision cited by Plaintiffs in their Motion for Expedited Notice.  Plaintiffs do not provide a LEXIS or Westlaw citation for this decision and it is not available on the Southern District of Texas electronic docket.  Defendant therefore requests an opportunity to supplement this Response in the event it is provided with this decision.

during the pendency of a motion for conditional class certification and for notice. *See, e.g., Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008) ("FLSA defendants are not obligated from the inception of a litigation either to provide contact information of putative collective action members or to toll potential claims voluntarily. To grant the exceptional remedy of equitable tolling any time an FLSA defendant declines to provide contact information or to toll claims would, in effect, require that the statute of limitations for FLSA claims be tolled as a matter of course for all potential plaintiffs whenever the first plaintiff files her complaint -- a result plainly contrary to the procedural rules that govern FLSA collective actions."). Given that there is nothing exceptional about this case, and given that Plaintiff does not allege any kind of impropriety designed to stall the opt-in procedure, Plaintiff's request to toll the statute of limitations should be denied.

**VII.**
**OBJECTIONS TO PLAINTIFF'S REQUESTED CLASS NOTICE AND CONSENT**

To the extent the Court determines conditional certification and notice to some group of putative class members is appropriate at this time, Defendants object to the proposed notice attached to Plaintiff's Motion as Exhibit 2.

    **A.**    **Improper Designation of Employers.**

As discussed previously, Plaintiff was employed only by Longhorn Linen Service, Inc. Ignoring the distinctions between Longhorn, Sunshine Industries and Sunshine Laundry, Plaintiff seeks to designate all three entities as current or former employers of the putative class. To the extent that the Court were to determine that a class were appropriate at this time for Defendant Longhorn, Defendants would suggest that such Notice should mirror the proposed Notice attached hereto and incorporated herein by reference as Exhibit B.

16

**B.      Improper Designation of Employee Class.**

Plaintiff's proposed Notice identifies the proposed class as all current and former employees, regardless of their position title, job responsibilities or method or rate of pay who may have been employed by Defendants and Sunshine Laundry.  For the reasons discussed previously, such a class is inappropriate.  Even if some class could be identified and certified, however, such class should be described within the Notice, so that proposed class members have an understanding as to why they are receiving the Notice.  Again, and only to the extent that the Court were to determine that a class were appropriate at this time for Defendant Longhorn, Defendants would suggest that such Notice should mirror the proposed Notice attached hereto and incorporated herein by reference as Exhibit B.  It should be noted that because there is no adequate description of the proposed class, a blank has been included in the "To" section of Exhibit B.

**C.      Inappropriate Notice Period.**

Generally, a claim seeking unpaid wages under the FLSA must be commenced within two (2) years from when the claim accrued. 29 U.S.C. § 255(a).  For purposes of the FLSA, an action is commenced on (and, thus, the period for determining applicable damages is calculated backwards from) either:  (1)  the later of the date on which he/she files his Complaint or the date on which he/she files his/her written consent to be a party, for a named plaintiff, *see* 29 U.S.C. § 256(a) and (b); or (2) for unnamed plaintiffs, the date on which he/she files his/her written consent to be a party. 29 U.S.C. § 256(b).  *See also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (distinguishing the applicable periods for named and unnamed plaintiffs), *citing Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

If the Plaintiff proves that a claim is one "arising out of a willful violation," the statute of limitations is extended to three (3) years.  29 U.S.C. § 255(a).   To demonstrate a willful violation of the FLSA, a plaintiff must show that the defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988), *citing Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985); *Ikossi-Anstasiou v. Board of La. State Univ.*, 579 F.3d 546, 552-53 (5th Cir. 2009).

In this case, Plaintiff originally filed her Complaint on December 15, 2011, but no written consent was attached thereto.  It was not until the filing of the current Motion on March 22, 2012, that Plaintiff can be said to have "commenced" her FLSA claim for purposes of fixing the appropriate limitations period as per 29 U.S.C. § 256(a) and (b), as her opt-in consent form was filed on this date.  As a result, Plaintiff's proposed notice to employees employed from December 14, 2011 through the present is inappropriate.  Instead, any notice should only be sent to those individuals employed by Longhorn in production positions within the three (3)-year period preceding March 22, 2012.[7]  Again, and only to the extent that the Court were to determine that a class were appropriate at this time for Longhorn, as Plaintiff's former employer, Defendants would suggest that such Notice should mirror the proposed Notice attached hereto and incorporated herein by reference as Exhibit B, with the blank included in the "To" section filled in with the date March 22, 2009.

### D.    Misleading "What Are My Options?" Section.

In section 3 of her proposed Notice, Plaintiff notifies prospective class members of their various options.  This description is misleading, in that it fails to advise prospective class

---

[7] Defendants note that Plaintiff has indicated the correct date, March 22, 2009, in the "Why am I getting this notice?" Section of her proposed Notice.  However, the Notice is improperly addressed "TO: Current and former employees . . . from *December 14, 2008*, to the present.

members of a significant potential detriment they may suffer through participation in the lawsuit. While this paragraph notifies putative class members that they may be required to respond to written discovery, be deposed, testify at trial, and otherwise actively participate in the lawsuit, it fails to mention that the putative class members could be held responsible for Defendants' litigation expenses and attorneys' fees should the Court find this action frivolous. Additionally, a putative class member's participation in the lawsuit begins when he or she opts-in to the action by filing a notice of consent. Like the proposed notice, the notice of consent should describe the putative class member's rights and obligations. The proposed "Opt-In Consent Form" lacks sufficient detail regarding the putative class members' rights and obligations.

Again, however, and only to the extent that the Court were to determine that a class were appropriate at this time for Defendant Longhorn, Defendants would suggest that such Notice should mirror the proposed Notice attached hereto and incorporated herein by reference as Exhibit B, which includes a section titled "What are my options?" Such Notice more accurately advises potential class members of their various options with respect to the litigation.

**E.     Inappropriate Description of Employee and Employer on Consent Form.**

For the reasons stated previously, Defendants objects to the description in the first paragraph of the proposed Opt-In Consent Form, as it inappropriately includes a description of an unworkable and inappropriate class of employees for three separate entities.[8]

---

[8] While not objectionable, Defendants would request that, to the extent the Court were to determine that a class were appropriate at this time, the paragraphs in the Opt-In Consent Form be re-numbered consecutively, rather than in the manner the paragraphs are currently numbered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court deny Plaintiff's Motion for Expedited Notice and that they be granted such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By:   /s/ Ramon D. Bissmeyer
**Ramon D. Bissmeyer**
State Bar No. 00787088
**Elizabeth A. Thompson**
State Bar No. 24075160
**COX SMITH MATTHEWS INCORPORATED**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile:  (210) 226-8395

**ATTORNEYS FOR DEFENDANTS,
LONGHORN LINEN SERVICE, INC. AND
SUNSHINE INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Adam Poncio
PONCIO LAW OFFICES, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550

Mr. Glenn J. Deadman
LAW OFFICES OF GLENN J. DEADMAN, P.C.
509 South Main Avenue
San Antonio, Texas 78204

   /s/ Ramon D. Bissmeyer
Counsel for Defendants

20

3932253.5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BIANCA REYES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:11-CV-1072-OLG** |
| | § | |
| **LONGHORN LINEN, INC. ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

<u>**DECLARATION OF KENNETH S. HARRISON**</u>

1.      My name is Kenneth S. Harrison. I am over 21 years of age and have never been convicted of a felony or of any crime involving moral turpitude. I am of sound mind and capable of making this Declaration. The facts stated herein are true and correct and are based on my personal knowledge:

2.      I am the Vice President of Longhorn Linen Service, Inc. ("Longhorn"). I am also President of Sunshine Laundry, Inc. ("Sunshine Laundry"). As such, it is part of my job responsibility to understand the corporate structure and day-to-day operations of both Longhorn and Sunshine Laundry. I am also familiar with the employment records of the employees of both companies. I am therefore competent to make this Declaration.

3.      Bianca Reyes began working for Longhorn Linen Service, Inc. on or about July 26, 2006. She was employed as a production worker, and her primary duties were folding and pressing restaurant linens. She terminated her employment on or about February 10, 2011. She was never employed by Sunshine Laundry or Sunshine Industries, Inc.

4.      Bianca Reyes' mother, Norma Reyes, worked for Longhorn through the end of 2011 and now works for Sunshine Laundry. Bianca Reyes' sisters, Mayra Vargas and Melissa

3936666.2

# Exhibit A

Reyes, currently work for Longhorn.   Another sister of Bianca Reyes, Norma Idalia Reyes, works for Sunshine Laundry.

5.     Longhorn employs approximately three (3) employees in its washroom, six (6) in its soil sort area, twelve to fifteen (12-15) in its production area, seven (7) driver/salesmen, two (2) driver/salesmen trainees, one (1) sales and service manager, one (1) mechanic, one (1) production supervisor and one (1) administrative employee.   Production workers hand-fold and iron linens after they are laundered.   The washroom and soil sort employees are all male.   The sales and service manager and the driver/salesmen are paid a salary plus a commission and the driver/sales trainees are paid a salary.   Other employees are paid on an hourly basis and are paid one and one half times their various base hourly rates for any hours over forty (40) worked in one week.   Longhorn rents linens to its clients in the restaurant industry.

6.     Sunshine Laundry employs approximately seven (7) employees in its washroom, seventy (70) in its production area, fourteen (14) drivers, two (2) driver trainees, one (1) driver supervisor, one (1) mechanic, one (1) supervisor, three (3) assistant supervisors and one (1) administrative employee.   The washroom employees are all male.   Employees performing work on the contract, as defined by the contract itself, are paid the base hourly rate specified in the contracts, an hourly health and welfare benefit on all hours worked up to forty (40) in a particular week and overtime in compliance with the Service Contract Act.   Sunshine Laundry launders client-owned linens rather than renting linens to its clients.   The majority of Sunshine Laundry's work comes from government contracts.

7.     Longhorn and Sunshine Laundry are housed in the same building.   The washroom area, in which the washroom employees work, is on raised floor, approximately one (1) foot

2

higher than the surrounding area, in which production workers iron and fold linens.  The soil sort area is in a different location.

8.    Longhorn and Sunshine Laundry are both owned by Sunshine Industries, Inc. Sunshine Industries, Inc. does not have any employees.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Kenneth S. Harrison

Date

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BIANCA REYES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:11-CV-1072-OLG** |
| | § | |
| **LONGHORN LINEN, INC. ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## <u>NOTICE TO EMPLOYEES</u>

TO:    **Current and former Production Workers of Longhorn Linen Service, Inc. who worked at any time from March 22, 2009 through March 22, 2012.**

RE:    **Overtime lawsuit against Longhorn Linen Service, Inc.**

**1.    Why am I getting this notice?**

Plaintiff Bianca Reyes ("Plaintiff") filed a lawsuit against Longhorn Linen Service, Inc. ("Defendant") to recover overtime wages allegedly owed to her under federal law. Defendant's records show that you work or have worked at Longhorn Linen Service, Inc. as a production worker at some time since March 22, 2009 through March 22, 2012. As a result, you are eligible to participate in the lawsuit, and this Notice is to inform you of your right to participate in the lawsuit.

**2.    What is the lawsuit about?**

Plaintiff alleges that she was not paid the required overtime rate for hours worked in excess of forty (40) hours per workweek. In addition to the overtime wages allegedly owed, Plaintiff is also asking the Court to award her an amount equal to the overtime wages as liquidated damages, attorneys' fees and costs. Defendant disputes Plaintiff's claim to the damages alleged. The Court has not decided who is right.

# Exhibit B

3.      **What are my options?**

You can make a claim for allegedly unpaid overtime wages in this case. To do so, you must fill out the enclosed Notice of Consent, sign it and return it to the attorney representing Plaintiffs so that it is postmarked or faxed by not later than _____, **2012 (60 days from the date this Notice was mailed to you by Plaintiffs' attorney)**. Your Consent form should be mailed to: **Longhorn Linen Collective Action, c/o Poncio Law Offices, P.C., 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550** or you may fax it to **210-212-5880**. If you complete, sign and timely return your Consent form to join this case, you will be represented by Plaintiff's attorney, Adam Poncio, PONCIO LAW OFFICES, P.C. PONCIO LAW OFFICES, P.C. is representing Plaintiff (and other persons who have joined, and who may join, this lawsuit) on a contingent fee basis. This means that if you receive money in this case, a percentage of your recovery will go to PONCIO LAW OFFICES, P.C., unless the Court orders Defendant to pay these fees separately or Defendant agrees to pay fees as part of any settlement. If you decide to participate in this case, you may be required to provide documents, information relevant to your claim and/or testify in discovery and/or at trial. If the Court finds this action frivolous, you could be held responsible for Defendant's attorneys' fees and litigation expenses.

You may choose to hire your own lawyer. If you do hire your own attorney, you will not be a part of this case and will not receive any additional wages, should it be found in this case that you were eligible to receive them.

You do not have to do anything if you do not wish to join this case or hire your own lawyer.

4.      **How may I get more information?**

If you have questions about joining the lawsuit, you may get more information by calling:

a.      The attorneys for the Plaintiff: Adam Poncio with PONCIO LAW OFFICES, P.C., (210) 212-7979; or

b.      The attorneys for Defendant: Ramon Bissmeyer and Elizabeth Thompson with COX SMITH MATTHEWS INCORPORATED at (210) 554-5500.

5.      **Can Defendants retaliate against me?**

No. It is against federal law for Defendants to retaliate against you for filing a claim to recover wages that you may be owed.

THIS IS A COURT-ORDERED NOTICE, NOT AN ADVERTISEMENT FROM A LAWYER.

3936877.1